UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Diheim Young,

    Plaintiff,

        v.                                Civil Action No. 2:16–cv–143–wks–jmc

Department of Corrections,

    Defendant.

# REPORT AND RECOMMENDATION
(Docs. 14, 16)

Plaintiff Diheim Young, proceeding *pro se*, filed this Federal Tort Claims Act action against the "Department of Corrections, Medical Staff, Correction[s] Officer[]s," and Northwest State Correctional Facility (NWSCF), seeking monetary damages. (Doc. 4 at 1.) Young alleges that officers "forgot [he] was in the cell," that he "rec[ei]ved inadequate dental care while in prison," and that he was retaliated against for filing grievances. (*Id.* at 4.)

Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 5.) In October 2016, the undersigned issued a Report and Recommendation, recommending that Defendants' Motion be granted, Young's Complaint be dismissed, and that Young be allowed 30 days to file an amended complaint. (Doc. 8 at 15.) The Court noted that "[f]ailure to file an amended complaint within that time[]frame should result in the dismissal of Young's claims with prejudice." (*Id.*) Neither party filed an objection, and

on November 2, 2016, United States District Judge William K. Sessions III issued an Order adopting the Report and Recommendation, granting Defendant's Motion, and allowing Young 30 days to file an amended complaint. (Doc. 9.) A copy of the Order was mailed to Young on November 2, 2016 and returned as undeliverable. (*See* Doc. 13 at 1; Doc. 14.) The Order was mailed to Young at a different address on November 14, 2016, but again was returned as undeliverable. (Doc. 13 at 1.) On December 12, 2016, the Order was sent to Young a third time. (*Id.* at 2.) Young was then allowed until January 17, 2017 to file an amended complaint. Young failed to do so and on May 16, 2017, the Court ordered Young to show cause why the case should not be dismissed for lack of prosecution. (*Id.*)

Now pending before the Court is Young's Motion for Extension of Time to file an amended complaint. (Doc. 14.) No proposed Amended Complaint is submitted with the Motion. Defendants oppose the Motion. (Doc. 17.) For the reasons set forth below, I recommend that the Motion be DENIED.[1]

**Discussion**

Under Fed. R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The United States Supreme Court has directed courts to analyze four factors in determining whether a

---

[1] "District courts in this circuit have suggested that a magistrate judge's *denial* of a motion to amend a complaint should be treated as dispositive, while a *grant* of the same motion should be treated as non-dispositive." *Tyree v. Zenk*, No. 05–CV–2998 (KAM)(LB), 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009).

2

party's failure to act in a timely manner can be excused: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith." *Bain v. Cotton*, Civil Action No. 2:06–CV–217, 2010 WL 2756989, at *3 (D. Vt. June 10, 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)), *report and recommendation adopted*, 2010 WL 2756977 (D. Vt. July 13, 2010). "The Second Circuit has held that the third factor—the reason for the delay, and whether it is within the reasonable control of the movant—is the most important, since the other three factors will often favor the movant." *Id.* (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)). The Court applies the "excusable neglect" standard here because Young filed his Motion for Extension of Time nearly five months after his time to file an amended complaint had expired (*see* Doc. 13 at 2). *Bain*, 2010 WL 2756989, at *4.

Under the first factor, like the defendant in *Bain*, Young has "not specif[ied] how much additional time he might need," and accordingly, "it is difficult to measure the prejudice to defendants." *Id.* at *4. As to delay, Young requested an extension of time to amend in a Motion dated June 1, 2017 (Doc. 14), nearly five months after his amended complaint was due on January 17, 2017. Even if the Court were to grant his Motion, there is no indication that an amended complaint from Young would be forthcoming, especially because Young did not request an extension until after the Court issued the Order to Show Cause for failure to prosecute. (Doc. 13.)

With respect to the third factor, Young has not offered a compelling reason for his delay, or demonstrated that his ability to request an extension of time was beyond his control. In a Reply Young alleges he was placed in "solitary confinement" from March 20, 2017 through May 1, 2017. (Doc. 20.) This, however, does not explain Young's failure to file an amended complaint, or request an extension of time to do so, in January of 2017. In an analogous case, the court found no excusable neglect where the plaintiff, also a *pro se* inmate, failed to explain how documents he claimed were destroyed by correctional facility staff, "might have had or did have any bearing on his failure to object to the recommendation that his case be dismissed." *Brown v. Timmerman-Cooper*, No. 2:10-CV-283, 2014 WL 4181649, at *3 (S.D. Ohio Aug. 21, 2104); *see also Perry-El v. Groose*, 29 F.3d 628, 1994 WL 326069 (8th Cir. 1994) (affirming denial of a *pro se* inmate's Rule 60(b) motion for relief from judgment,[2] because plaintiff's claims that "he was never notified he had been granted an extension of time to file objections," and that "his documents were lost when he was transferred to another facility," did not constitute excusable neglect). Similarly here, Young attempts to justify his delay on the basis that "all document[s] pertaining to this action were either lost or destroyed during [his] transfer from [his] last facility to U.S.P. Hazelton." (Doc. 14.) But Young does not explain when he was transferred, or satisfactorily account for

---

[2] Fed. R. Civ. P. 60(b) allows a court, on motion, to relieve a party from a final judgment on the basis of "excusable neglect," among other reasons. The "excusable neglect" standard under Rule 60(b) is identical to that under Rule 6(b). *See, e.g.*, *In re Buckskin Realty Inc.*, 525 B.R. 4, 9 (Bankr. E.D.N.Y. 2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, 392–93 (1993)); s*ee also In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 93 Civ. 4492(PKL), 93 Civ. 4494(PKL), 2007 WL 1121739, at *9 (S.D.N.Y. Apr. 11, 2007).

4

his failure to act before or after the transfer, or any other time between January 17 and March 20, 2017, or between May 2 and June 5, 2017 (taking into account the period of solitary confinement). Moreover, Young offers no explanation as to why he could not file for an extension of time earlier. The loss of Young's documents should not have impacted his ability to request more time to file an amended complaint, and doing so was completely within Young's control.

Moreover, courts have generally held that a plaintiff's violation of court rules, including failing to notify the court of an address change (even if it results from a prison transfer), does not amount to excusable neglect. *See, e.g.*, *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("[F]ailure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect."); *see also Williams v. Cambridge Integrated Servs. Grp.*, 235 F. App'x 870, 873, 2007 WL 1555776, at *2 (3d Cir. 2007) (*pro se* plaintiff's "failure to update his address . . . coupled with his delay in failing to inquire about the status of his case . . . did not constitute excusable neglect" under Rule 60(b)); *John v. Hogan*, Civil No. 1:CV-06-2197, 2008 WL 520093, at *3 (M.D. Pa. Feb. 26, 2008) (collecting cases); *Hayes v. New Jersey*, Civil Action No. 05-2716 (FLW), 2006 WL 2135826, at *3 (D.N.J. July 28, 2006) (plaintiff-inmate's "argument that he was transferred and did not receive this Court's prior Orders . . . until later does not alleviate his obligation to notify the court of any change in address and to prosecute his action in a timely manner"). *But see Brown v. Precinct of Brooklyn*, No. 11–CV–06304 (CBA)(CLP), 2012 WL 5438926, at *2–3 (E.D.N.Y. Nov. 6, 2012) (allowing plaintiff additional time to file an amended complaint "because of

5

[plaintiff's] delayed receipt of this Court's Orders and the resulting lack of clarity as to proper compliance," where plaintiff failed to update his address); *Sacco v. Matter*, 154 F.R.D. 35, 37 (N.D.N.Y. 1994) (finding plaintiff's "status as a *pro se* prisoner g[a]ve[] the court broad discretion to overlook" his failure to "keep the district court apprised of his current address" and "keep himself apprised of the state of his action").

Under the Court's Local Rules, *pro se* parties and attorneys alike "must notify the court of any change of address or telephone number." L.R. 11(c). In granting Young's motion for leave to proceed in forma pauperis, the Court stated that "[e]ach party shall keep the Court apprised of a current address at all times while the action is pending. Notice of any change of address must be filed promptly with the Court and served on other parties." (Doc. 2 at 2.) Young clearly failed to do so here, as evidenced by the Court's three attempts to mail him a copy of the Order dismissing his Complaint and granting him 30 days to amend. (*See* Doc. 13 at 1–2.) Although some courts in this circuit have overlooked a *pro se* plaintiff's failure to file an address change when he complained of not receiving notice of court orders or case developments, *see, e.g.*, *Brown*, 2012 WL 5438926, at *2–3, *Sacco*, 154 F.R.D. at 37, notice is not at issue here, and the Court has already extended Young's time for filing an amended complaint numerous times to account for court mailings he did not originally receive.

Relatedly, under the fourth factor, Young has not acted in good faith, particularly because he has failed to follow court rules and orders, and has failed to advance his case. *See, e.g.*, *Zavalidroga v. Cuomo*, 588 F. App'x 61, 62 (2d Cir. 2014) ("Even when afforded 'special solicitude' as a *pro se* litigant . . . , [plaintiff] presents no convincing

justification for his failure to properly notify the District Court of his myriad address changes, and we therefore conclude that the District Court acted within its discretion when it denied his motion to reopen." (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010))); *see also Rheaume v. Pallito*, Civil Action No. 5:11–cv–72, 2014 WL 2830677, at *3 (D. Vt. Apr. 25, 2014) (finding plaintiff's voluntary dismissal could not be attributed to excusable neglect because "even a *pro se* party is not excused for failing to consult a Federal Rule of Civil Procedure that clearly states the consequences of taking a particular action"). Young's lack of good faith is underscored by the fact that in addition to failing to apprise the Court of his address changes, he has made no other attempt to advance his case, and the instant Motion was apparently only prompted by the Court's Order to Show Cause for failure to prosecute (Doc. 13).³ *See, e.g.*, *Toriola v. FJC Security Servs. Inc.*, 13-CV-5142 (CBA) (JO), 2017 WL 819483, at *6 (E.D.N.Y. Mar. 1, 2017) (finding no excusable neglect under Rule 60(b) where *pro se* plaintiff "did not prosecute her case in good faith" by "repeatedly fail[ing] to respond to Court orders, . . . not attend[ing] status conferences, and evad[ing] phone calls from the Court regarding her case"); *see also Green ex rel. Estate of Green v. Advanced Cardiovascular Imaging*, No. 07 Civ. 3141(JCF), 2009 WL 3154317, at *4 (S.D.N.Y. Sept. 30, 2009) (analyzing excusable neglect factors and noting "[a]n attorney who makes no effort whatsoever to prosecute a case displays bad faith").

---

³ The Court has also noted that it does not appear from the record that Young served a copy of the instant Motion on Defendants. (Doc. 15.) The Court advised Young that he has an obligation to serve a copy of any document filed with the Court on counsel for Defendants and that failure to do so could result in denial of the requested relief. (*Id.*)

In short, all four factors weigh in favor of Defendants here. Young has failed to demonstrate excusable neglect for his failure to timely file an amended complaint, or to request additional time to do so.

Finally, Young has not submitted a proposed Amended Complaint for the court's consideration, in violation of District of Vermont Local Rule of Procedure 15(a). As a result, the Court is left to speculate what claims he seeks to bring. But it bears noting that if Young were allowed additional time to file an amended complaint, he faces significant procedural and substantive hurdles in advancing his present claims. Young's original Complaint was dismissed because he had no claim under the Federal Tort Claims Act, which provides a cause of action for money damages for torts committed by federal, but not state, employees. (Doc. 8 at 5–6.) Additionally, to the extent Young sought relief under 42 U.S.C. § 1983, his claims against the Department of Corrections, and against state officials for monetary damages in their official capacity, were barred by sovereign immunity. (*Id.* at 7–8.) Any claims against NWSCF, and against corrections staff in their official capacities for money damages, also were dismissed because these parties are not suable persons under § 1983. (*Id.* at 9.) Finally, Young's constitutional claims failed in substance. (*Id.* at 10–13.) Even if Young attempted to avoid the same procedural barriers in an amended action, for example by seeking declaratory and injunctive relief against corrections officials, these claims would be moot because of Young's transfer from NWSCF. *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). It appears that Young could only seek monetary relief from officers in their individual capacities and

would need to significantly revise his substantive constitutional claims in an amended complaint.

**Conclusion**

For these reasons, I recommend that Young's Motion for Extension of Time to Amend Complaint (Doc. 14) be DENIED. If this recommendation is adopted, I further recommend that Young's Motion to Appoint Counsel (Doc. 16) be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 23rd day of August, 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).